UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE M. GIBBONS,

                Plaintiff,                No. 05-CV-72860-DT

vs.                                                  Hon. Gerald E. Rosen

DEBORAH A. THORNTON,

                Defendant.
_____/

ORDER DISMISSING PLAINTIFF'S COMPLAINT
FOR LACK OF JURISDICTION

      At a session of said Court, held in
      the U.S. Courthouse, Detroit, Michigan
      on        September 26, 2005      

      PRESENT:  Honorable Gerald E. Rosen
                           United States District Judge

      This matter is presently before the Court on Plaintiff's Response to the Court's August 9, 2005 Order to Show Cause Why This Case Should Not Be Dismissed for Lack of Jurisdiction. The Court noted in its Order several jurisdictional concerns. Among the concerns raised by the Court were (1) lack of diversity jurisdiction under 28 U.S.C. § 1332 because of the apparent failure to satisfy the amount in controversy requirement and (2) Plaintiff's improper collateral attack upon one or more adverse state court judgments and the application of the *Rooker-Feldman* doctrine.

      Plaintiff's Response to the Show Cause Order did not address either of these matters; instead, Plaintiff argued that federal subject matter jurisdiction was proper under 28 U.S.C. § 1331 (federal question jurisdiction) and "pendent jurisdiction." As basis for

federal question jurisdiction, Plaintiff relies upon the "Uniform Interstate Family Support Act." This, however, is <u>not</u> a federal statute; rather the Uniform Act -- which is a model *state* statute -- is merely cited in a provision of the federal Social Security Act which requires that states have in effect laws to improve child support effectiveness. *See* 42 U.S.C. §§ 654(20)(a), 666(f). The Uniform Act is cited in the federal statute as a law that will comply with the federal mandate. *See id.*

Further, in his Response, Plaintiff admits that he seeks in this case to terminate a support order entered by the New York state court. Under the *Rooker-Feldman* doctrine, federal district courts lack subject matter jurisdiction over suits in which "the losing party in state court . . . complain[s] of an injury caused by the state court judgment and seek[s] review and rejection of that judgment." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 125 S.Ct. 1517, 1526 (2005). Under *Rooker-Feldman*, this Court lacks subject matter jurisdiction over this action. Plaintiff's proper recourse is in a New York state appeal, followed by a petition for review by the U.S. Supreme Court. *See Exxon Mobil*, 125 S.Ct. at 1522, 1526.

For all of these reasons,

IT IS HEREBY ORDERED that Plaintiff's Complaint be, and hereby is, DISMISSED for lack of federal subject matter jurisdiction.

                                   s/Gerald E. Rosen
                                   Gerald E. Rosen
                                   United States District Judge

Dated:  September 26, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 26, 2005, by electronic and/or ordinary mail.

                              s/LaShawn R. Saulsberry
                              Case Manager